IN THE UNITED STATES DISTRCIT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SHARHONDA ATWELL**,<br><br>Plaintiff,<br><br>v.<br><br>**CURTIN CO. AND ROBERT S. REED, III**,<br><br>Defendants. | **Civil Action No.  1:22-cv-01108-SEG** |

## SECOND AMENDED COMPLAINT

COMES NOW Sharhonda Atwell, Plaintiff in the above-captioned matter, by and through her attorneys, Joseph Wilson, Esq. and Co-counsel and with consent from opposing counsel brings this amended personal injury lawsuit against Defendants Curtin Co. and Robert S. Reed, III (hereinafter and collectively referred to as "Defendants") and in support thereof states her claim as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen of the State of Georgia.

2. Curtin Co. (hereinafter "Defendant Curtin Co.") is a company that owns and operates a 2011 Chevrolet Silverado 1500 bearing North Carolina tag number DZ4939 that was involved in the Collision that forms the basis for this lawsuit.

3. Defendant Curtin Co. is a foreign profit corporation, licensed to do

business in the State of Georgia with its principal place of business located at 111900 Goodrich Drive, Charlotte, NC 28278.

4. Defendant Curtin Co. has designated as its agent for service CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046, upon whom service of the Summons and Complaint for Damages can be made.

5. Defendant Curtin Co. is subject to the jurisdiction of this Court.

6. Venue is proper in this Court as to Defendant Curtin Co. pursuant to O.C.G.A. § 14-5-510(b)(4).

7. Defendant Robert S. Reed, III (hereinafter "Defendant Reed") is a North Carolina resident.

8. Defendant Reed may be served at his home address at 140 Cecil Timpson Lane, Murphy, NC 28906.

9. Defendant Reed is subject to the jurisdiction of this Court.

10. Venue is proper in this Court as to Defendant Reed pursuant to O.C.G.A. § 14-5-510(b)(4).

## BACKGROUND

11. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12. On February 11, 2020, Plaintiff was driving her 2017 Ford Fusion (hereinafter "Plaintiff Vehicle") traveling eastbound on SR 138 near its intersection with Daniel Drive in Stockbridge, Clayton County, Georgia.

13. Defendant Reed was operating a 2011 Chevrolet Silverado 1500 (hereinafter "Defendant Vehicle"), owned by Curtin Co. and Drainage,

Inc. and bearing North Carolina tag number DZ4939.

14. Plaintiff was traveling in the left lane of two lanes that travel east and proceeded to go straight.

15. Defendant Reed was in the lane to the right of Plaintiff.

16. At all times relevant to this Complaint, Plaintiff operated her vehicle in a cautious, careful and prudent manner.

17. Suddenly, and without warning, Defendant Reed entered Plaintiff's lane of travel and struck the right side front wheel fender/bumper area of Plaintiff's vehicle.

18. Defendant Reed received a citation for improper lane usage and that was the actual and proximate cause of the collision.

19. At all times herein, Defendant Reed was an employee and agent of Defendant Curtin Co. and operated the 2011 Chevrolet Silverado 1500 in the course and scope of his employment with Defendant Curtin Co.

20. As a result of Defendant Reed's negligence and/or reckless operation of Defendant Vehicle, Plaintiff suffered traumatic physical and psychological personal injuries and damages which drastically affect(ed) the quality of her life.

## COUNT I – NEGLIGENCE OF DEFENDANT REED

21. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22. Defendant Reed owed a duty to other motorists, including Plaintiff, to operate his vehicle in a safe manner, to maintain a proper lookout, to

maintain control of his vehicle, and to obey all traffic regulations and rules of the road.

23. Defendant Reed breached his duty to Plaintiff when he caused the Collision by committing, without limitation, the following negligent and/or reckless acts or omissions:

    23.1. Failing to maintain possession of his lane of travel;

    23.2. Failing to keep a proper lookout;

    23.3. Failing to keep vehicle under due and proper control;

    23.4. Failing to exercise due and reasonable care; and

    23.5. Driving while distracted.

24. In causing the Collision, Defendant Reed also violated applicable statutes of the State of Georgia, the violation of which constitutes negligence *per se,* which either singularly or in combination with other acts or omissions described herein was the cause-in-fact of the Collision, including, without limitation, the following:

    24.1.1. O.C.G.A § 40-6-48 – improper lane usage;

    24.1.2. O.C.G.A § 40-6-241 – failure to exercise due care;

    24.1.3. O.C.G.A § 51-1-2 – failure to exercise ordinary care; and

    24.1.4. O.C.G.A § 40-6-390 – reckless driving.

25. Defendant Reed was found at fault for the collision for improper lane usage in violation of O.C.G.A § 40-6-48.

26. Plaintiff's personal injuries were directly and proximately caused by Defendant Reed's negligence and/or recklessness.

## COUNT II - IMPUTED LIABILITY

27. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

28. At the time of the Collision, Defendant Reed was under dispatch for, and/or driving within the course and scope of his employment with Defendant Curtin Co.

29. Defendant Curtin Co. is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Reed with regard to the Collision under the doctrines of lease liability, agency, vicarious, or apparent liability agency.

30. Under O.C.G.A. Section 51-12-33, the jury is required to be allowed to consider the fault of every party who contributed to the alleged injury or damages and that *respondeat superior* cannot allow an employer to escape such consideration.

31. Plaintiff seeks to and is entitled to recover for:

    31.1. Personal injuries;

    31.2. Past, present, and future pain and suffering;

    31.3. Disability;

    31.4. Disfigurement;

    31.5. Mental anguish;

    31.6. Loss of capacity for the enjoyment of life;

    31.7. Economic losses;

31.8. Incidental expenses;

31.9. Past, present, and future medical expenses;

31.10. Lost earnings;

31.11. Loss of earning capacity;

31.12. Permanent injuries; and

31.13. Consequential damages to be proven at trial.

WHEREFORE, Plaintiff prays that process and summons be issued for service upon Defendants, in accordance with Georgia law, and that she has a trial by jury on all issues, and judgment be awarded to Plaintiff and against Defendants, for the following:

a. For past, present and future medical and doctor expenses in an amount to be proven through the evidence at the trial;

b. For past, present, and future pain and suffering in an amount to be established through the conscience of the jury;

c. For past, present, and future travel expenses for seeking medical treatment in amounts to be proven at time of trial through the evidence;

d. For past, present, and future lost wages and lost earning capacity in amounts to be proven at time of trial through the evidence;

e. That a jury be impaneled to resolve all factual disputes;

f. Under O.C.G.A. Section 51-12-33, the jury is required to be allowed to consider the fault of every party who contributed to the alleged injury or damages and that *respondeat superior* cannot allow an employer to escape such consideration.

g.  That Plaintiff be awarded damages in amounts to be shown at trial and for such other and further relief, the Court deems just and proper; and

h.  That Plaintiff be allowed to freely amend this Complaint in order to avoid manifest injustice.

Submitted on this 23rd day of January, 2023.

Respectfully submitted,

| **Greathouse Trial Law, LLC** | */s/ Carla L. Hines* |
|---|---|
| 260 Peachtree Street NW | Danielle M. Griffith, Esq. |
| Suite 803 | Georgia Bar No. 959627 |
| Atlanta, GA  30303 | Riah Greathouse, Esq. |
| Telephone No.: 678-310-2827 | Georgia Bar No.  403830 |
| Facsimile No.: 404-393-3281 | Carla L. Hines, Esq. |
| Riah@atltriallaw.com | Georgia Bar No. 633275 |
| Danielle@atltriallaw.com | |
| Carla@atltriallaw.com | |

*/s/ Joseph Wilson*
Joseph Wilson Injury Lawyers
Georgia Bar No. 372083
9 Dunwoody Park, Suite 111
Dunwoody, Georgia 30338
Tel: (678) 210-1546
Fax: (678) 210-3102
E-mail: Joe@JLWilsonInjuryLawyers.com
***Attorneys for Plaintiff***